UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC.,

        Plaintiff,

                              Case No. 13-CV-14011

vs.

                              HON. GEORGE CARAM STEEH

JOHN DOE subscriber assigned
IP address 76.20.173.2,

        Defendant.
_____/

ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA
PRIOR TO RULE 26(f) CONFERENCE (DOC. 2)

      Before the court is plaintiff's motion for leave to serve third-party subpoena prior to a Fed. R. Civ. P. 26(f) conference, which under ordinary circumstances would be premature. Plaintiff, owner of the copyrights to eighteen films at issue, alleges that defendant "John Doe" has infringed those copyrights by accessing the films over the Internet. Plaintiff seeks to discover the identity of the John Doe defendant through his or her Internet service provider ("ISP"), by securing from the ISP the identifying information associated with the internet protocol ("IP") address assigned to defendant.

      Federal Rule of Civil Procedure 26(d)(1) prohibits discovery prior to a Rule 26(f) conference, except in certain limited circumstances not applicable here, or upon court order. Although the Sixth Circuit has not ruled on the standard to be applied to allow discovery prior to a Rule 26(f) conference, most courts, including those of this district,

use the "good cause" standard.  See e.g. Malibu Media v. John Doe, 12-12202, Dkt. 7 (E.D. Mich. June 25, 2013) (Borman, J.) (collecting cases).  In a situation like this, where the defendant may be identified only through such discovery, which is necessary to continue with the litigation, the court finds such good cause exists.  See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citations omitted); Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (collecting cases).

Accordingly, plaintiff's motion (Doc. 2) is GRANTED.  Plaintiff may serve a Fed. R. Civ. P. 45 subpoena on Comcast Cable, the ISP identified on Exhibit A to the Complaint, for the purpose of obtaining the name, residential address, telephone number and e-mail address of the defendant to this action.  Such subpoena shall include a return date no sooner than 60 days after the date of service.  Plaintiff shall attach a copy of this order to any such subpoena that it issues.  Disclosure of the information is ordered under 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose subscribers' identifying information upon court order.  Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Comcast Cable for the purpose of protecting and enforcing plaintiff's rights as set forth in its Complaint.

Comcast Cable, upon receiving a subpoena pursuant to this order, shall give written notice, which may include email notice, to the identified subscriber within 10 business days of the service of the subpoena, and include a copy of this order with such written notice.  If a motion to quash the subpoena is made by Comcast Cable or defendant to this action, such motion must be made prior to the return date of the subpoena.  The filing of a motion to quash will suspend the disclosure requirement of

this order. Comcast Cable shall preserve all subpoenaed information pending the resolution of a timely filed motion to quash.

**IT IS SO ORDERED**.

Dated: October 9, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 9, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk